# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br><br>v.<br><br>MAC PRINTING CO., LLC,<br>Respondent | Case No. 1:18-cv-427<br>Black, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner United States of America seeks enforcement of an Internal Revenue Service summons issued to respondent Mac Printing Co., LLC (Mac Printing).

This matter is before the Court for a Report and Recommendation and Certification of Facts to the District Court regarding respondent's failure to appear before the undersigned magistrate judge for a show cause hearing on why it should not be held in contempt of court for its failure to appear at a previously scheduled hearing in this matter.

For the reasons that follow, it is recommended that a show cause order be issued to respondent Mac Printing and its President John McLaughlin to appear before the district judge on a date certain and show cause why they should not be held in contempt of this Court.

## I. MAGISTRATE JUDGE'S AUTHORITY ON MOTION FOR CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1). That section provides that a "magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." In civil cases where the parties have not consented to final judgment by the magistrate judge, contempt is governed by Section 636(e)(6)(B):

(6) Certification of other contempts to the district court.--Upon the commission of any such act--

. . . .

    (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--

        (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,

        (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or

        (iii) the act constitutes a civil contempt,

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

"The magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Lykins Oil Co. v. Hoskins Oil Co., LLC*, No. 1:14-cv-832, 2017 WL 1180932, at *1 (S.D. Ohio Mar. 29, 2017) (Report and Recommendation), *adopted*, 2017 WL 2160518 (S.D. Ohio May 17, 2017) (and cases cited therein). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Telebrands Corp. v. Marc Glassman, Inc.*, No. 3:09-cv-734, 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012) (quoting *Church v. Steller*, 35 F. Supp.2d 215, 217 (N.D. N.Y. 1999)).

## II. CERTIFIED FACTS

The following facts are certified to the district court: Revenue Officer Brandon Havlin is conducting an investigation into the tax liability of Mac Printing Co., LLC for the years 2012 through 2017. (Doc. 1, Ex. A). On March 30, 2018, an Internal Revenue Service summons was issued by Revenue Officer Havlin directing respondent Mac Printing to appear before Havlin on April 30, 2018, at 8:00 a.m. at 550 Main Street, Room 3511, Cincinnati, Ohio 45202, to testify and to produce books, records, and other data described in the summons. Service of the summons on respondent Mac Printing was effected on March 30, 2018, when Revenue Officer Havlin personally served John McLaughlin, President of Mac Printing, with the summons. (Doc. 1, Ex. B). Revenue Officer Havlin attests that the books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service, and all administrative steps required by the Internal Revenue Code for issuance of a summons have been taken. (Doc. 1, Ex. A). Revenue Officer Havlin further attests that it is necessary to examine the books, papers, records, or other data sought by the summons in order to properly investigate the federal tax liability of Mac Printing for calendar years 2012 through 2017. (*Id.*).

On April 30, 2018, respondent Mac Printing did not appear in response to the summons. Respondent has refused to comply with the summons to date. (*Id.*).

On June 20, 2018, respondent Mac Printing was ordered to appear in Court on July 26, 2018 at 10:00 a.m. to show cause why respondent should not be compelled to obey the Internal Revenue Service summons. (Doc. 2). The Order to Show Cause regarding the enforcement of the Internal Revenue Service summons and the United States' petition and exhibits to enforce the

Internal Revenue Service summons had been personally served upon respondent Mac Printing by hand-delivering a copy to John McLaughlin on June 21, 2018. (Doc. 3). However, neither respondent Mac Printing nor John McLaughlin appeared for the show cause hearing on July 26, 2018. (Doc. 4).

On July 27, 2018, respondent Mac Printing and John McLaughlin were ordered to show cause why respondent Mac Printing and/or John McLaughlin[1] should not be held in contempt of court for failing to appear for the July 26, 2018 hearing. (Doc. 5). The show cause hearing was scheduled before the undersigned magistrate judge on Friday, September 7, 2018 at 10:00 a.m. in Courtroom 708, U.S. Courthouse Building, 100 E. Fifth Street, Cincinnati, Ohio 45202. (*Id.*). Respondent Mac Printing and John McLaughlin were warned that failure to appear for the show cause hearing as ordered may result in contempt proceedings before the district judge and a warrant being issued for their arrest. (*Id.*). This Show Cause Order and notice of hearing were personally served on John McLaughlin on August 10, 2018. (Doc. 6). Respondent Mac Printing and John McLaughlin failed to appear at the September 7, 2018 hearing, failed to notify the Court that they would not be present, and failed to seek a continuance or otherwise object. (Doc. 8).

## III. ANALYSIS

Disobedience of a lawful court order may be punishable as contempt. *Glover v. Johnson*, 138 F.3d 229, 245 (6th Cir. 1998). The contempt power of the court "enforce[s] the

---

[1] "If a corporate officer avoids a court's order to the corporation for failing to take action or attempt compliance, 'they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.'" *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383 (6th Cir. 2003) (quoting *Wilson v. United States*, 221 U.S. 361, 376 (1911)).

4

message that court orders and judgments are to be complied with in a prompt manner." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). In a contempt proceeding, the moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007); *Gary's Elec. Serv. Co.*, 340 F.3d at 379. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a respondent must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must consider whether the respondent "took all reasonable steps within his power to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quotation omitted).

In the instant case, respondent Mac Printing and John McLaughlin's failure to appear before the Court after being ordered to do so by the undersigned magistrate judge constitutes disobedience of lawful court orders and thus contempt before the magistrate judge. *See United States v. Ivie*, No. 05-2314, 2005 WL 1759727, at *2 (W.D. Tenn. June 14, 2005) ("Contempts committed in 'a proceeding before a magistrate judge' include not only contempts committed in the magistrate judge's presence, but also contempts related to proceedings before the magistrate judge.") (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 901 n. 17 & 902 n. 19 (3rd Cir. 1992)).

Accordingly, it is recommended that the district judge issue a show cause order to Mac Printing and John McLaughlin to appear at a date certain before the district judge to show cause

during a hearing why they should not be held in contempt of court for failing to obey the Court's July 27, 2018 Show Cause Order.

## IV. CONCLUSION

It is hereby **RECOMMENDED** that the district judge issue a show cause order to respondent Mac Printing and John McLaughlin to appear at a date certain before the district judge to show cause during a hearing why they should not be held in contempt of court for failing to obey the Court's July 27, 2018 Show Cause Order.

Date: 9/10/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UNITED STATES OF AMERICA,
    Petitioner,

v.

MAC PRINTING CO., LLC,
    Respondent.

Case No. 1:18-cv-427
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).